THE STATE v. DAVIDSON, *Appellant.*

1. **Criminal Law :** SUDDEN COMBAT : MANSLAUGHTER. Where two persons upon a sudden quarrel engage in mutual combat, and one of them is killed in the heat of passion, the offence is at least manslaughter.

2. —————: SEEKING THE DIFFICULTY : SELF-DEFENCE : MURDER : MAN-SLAUGHTER. Where the slayer provoked the combat, or produced the occasion in order to have a pretext for killing his adversary, or doing him great bodily harm, the killing will be murder, no matter to what extremity the slayer may have been reduced in the combat. But if he provoked the combat, or produced the occasion without any felonious intent, intending, for example, only an ordinary battery, the final killing in self-defence will be manslaughter only.

3. **Criminal Practice :** REASONABLE DOUBT. A judgment will not be reversed because the trial court declares that a doubt to authorize an acquittal must be a *real* substantial doubt.

*Appeal from Shannon Circuit Court.*—HON. J. R. WOODSIDE, Judge.

AFFIRMED.

*Livingston & Pitts* and *W. N. Evans* for appellant.

(1) There is no evidence to show that the defendant, by act or word, sought, brought on, or voluntarily entered into, the difficulty which resulted in the death of deceased. (2) The instructions based on the doctrine of self-defence did not rightly state the law. *State v. Shultz,* 24 Mo. 128 ; *State v. Starr,* 38 Mo. 270 ; *State v. Brown,* 63 Mo. 439 ; *State v. Culler,* 82 Mo. 138 ; *State v. Partlow,* 90 Mo. 608.

*B. G. Boone,* Attorney General, for the state.

(1) No objections were made or exceptions saved

to the admission or exclusion of any evidence, and it will not be reviewed. *State v. McDonald*, 85 Mo. 539; *State v. Mills*, 88 Mo. 417. (2) The use of the word "real," in defining a reasonable doubt, is not reversible error. *State v. Blunt*, 91 Mo. 503, 506, and cases cited. (3) The instructions are all to be construed together so as to form one harmonious whole. (4) Instruction number nine given by the court was proper. *State v. Peak*, 85 Mo. 190; *State v. Rose*, 92 Mo. 201. (5) The venue was sufficiently proved. It is not necessary in proving the venue that the evidence should be direct, express, or positive; indirect or circumstantial evidence may be sufficient. *State v. Chamberlain*, 89 Mo. 129; *State v. Jackson*, 86 Mo. 13; *State v. McGinnis*, 76 Mo. 326.

BLACK, J.—The defendant, upon an indictment for murder in the second degree for killing one Langston, was convicted of manslaughter in the fourth degree. The accused relied upon the plea of self-defence. Instructions were given by the court at his request upon that subject. The court, at the instance of the state, gave two instructions upon the same subject, and of these defendant complains. These two instructions are as follows:

"The law of self-defence does not imply the right of attack, nor does it permit of acts done in retaliation, or for revenge; therefore, if you believe from the evidence that the defendant sought or brought on, or voluntarily entered into, a difficulty with deceased, and a fight ensued, or if you find and believe that he shot and killed at a time when defendant had, because of the acts of the deceased, no reasonable cause to apprehend the approach of immediate and impending injury to himself, and did so in the heat of passion, or from a spirit of an utter disregard for human life, then the defendant cannot avail himself of the law of self-defence and you cannot acquit on that ground."

"You are further instructed that in case you find

that the defendant sought, brought on, or voluntarily entered into, the difficulty with deceased, it does not matter, in the application of the law of self-defence, how great the danger or imminent the peril to which defendant may have believed himself to have been exposed during such difficulty."

The first objection is, that there is no evidence that defendant, by act or word, sought, brought on, or voluntarily entered into, the difficulty. The evidence for the state, which was all the evidence offered in the case, is to the effect that defendant, Langston, one Chapin, and others, were at a saloon on the night of the tenth of November, 1883. All the parties had evidently been drinking to excess. Chapin was intoxicated. Defendant and deceased got into an extended controversy, as to which of them should take charge of Chapin. The witness, Bacon, relates what then took place as follows: Davidson put out his left hand, and either put it against Langston or up in front of him, and said: "Go away, Chapin will go with me, I will put him to bed." Langston said he did not like to be drove off, and Davidson said he was a cripple, and could not drive a ten-year-old boy. Langston either slapped Davidson or hit him, and then they clinched. Langston threw Davidson down in a ditch in front of the saloon, falling on top. Davidson said: "Take your fingers out of my eyes." Thereupon defendant shot Langston with a pistol. At that time deceased was lying on the defendant's left arm and leg. Chapin says he was drunk, and did not remember much about what was said and done; that defendant and the deceased got into a fight about the question as to which of them he should go home with; and defendant shot Langston.

It is manifest from this evidence that while the parties were quarreling the defendant put his hand either against, or in front of the deceased; and it may be fairly inferred, from what is said to have immediately

preceded, that he used his hand in a threatening and provoking manner. There is abundant evidence from which the jury could have concluded that defendant provoked the affray. The evidence seems to show a common case in which two persons upon a sudden quarrel, engage in mutual combat, and one is killed in the heat of the conflict. In such cases the offence is, at least, manslaughter. 2 Bish. Crim. Law [5 Ed.] sec. 701. There was sufficient evidence upon which to base the two instructions, of which complaint is made.

2. The further objection to these instructions is, that they say defendant cannot be acquitted if he sought or brought on, or voluntarily entered into, the difficulty, and a fight ensued. The contention is, that the defendant could not be deprived of his right of self-defence, unless he provoked or brought on the fight with some felonious design. Counsel in making this contention forget that the evidence tends to show a lower grade of homicide than murder. The evidence tends to show him guilty of manslaughter, and instructions were given upon that subject, and it is for that offence that he now stands convicted. While he would not be deprived of his right of self-defence, as to the charge of murder, unless he brought on or provoked the affray for the purpose of killing or doing deceased some great bodily harm ; still he may be guilty of manslaughter though he provoked the combat, entertaining no such design. Thus it is said in Cases on Self-Defence, by Horrigan & Thompson, p. 227, note : "If he (defendant) provoked the combat or produced the occasion, in order to have a pretext for killing his adversary or doing him great bodily harm, the killing will be murder, no matter to what extremity he may have been reduced in the combat. But if he provoked the combat or produced the occasion without any felonious intent, intending, for instance, an ordinary battery merely, the final killing in self-defence will be manslaughter only." This is the doctrine of the

recent case of *State v. Partlow*, 90 Mo. 608. That case cannot be construed to mean or hold that one who provokes or brings on a difficulty, resulting in the death of one of the combatants, is to go free of all punishment, unless he entered into the fight with a felonious purpose. The distinction above stated is clearly asserted in the case of *Adams v. People*, 47 Ill. 376, so often cited, —a party who will enter into an affray voluntarily, though without any felonious design, and when hard pressed kill his adversary, is not wholly without criminal blame. But we need pursue this question no further. The authorities cited are sufficient.

3. The court, among other things, declared that a doubt to authorize an acquittal must be a *real* substantial doubt, etc. The use of the word "real" does not constitute reversible error. *State v. Blunt*, 91 Mo. 506, and cases cited.

The defendant was clearly guilty of manslaughter, and there being no error in the record, the judgment is affirmed. All concur, except Sherwood, J., who dissents.